HARVEY COAL CORPORATION, TRANSFEREE, PETITIONER, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2451, 5896.   Promulgated April 21, 1949.

*Geo. E. H. Goodner, Esq.,* and *Scott P. Crampton, Esq.,* for the
petitioner.

*F. L. Van Haaften, Esq.,* for the respondent.

602

OPINION.

LeMire, *Judge*: The statute of limitations issue, which we have decided for the petitioner, hinges upon the question of whether the return filed March 5, 1925, purporting to be a consolidated return for the petitioner and the Harvey Coal Co. for 1924, was a sufficient return to start the running of the statute in favor of the company. It is agreed that if the return was a valid return, the collection of the proposed deficiency has long since been barred.

However, before ruling on the statute of limitations issue, we must first determine the jurisdictional question, for without jurisdiction we would have no authority to rule on the statute of limitations in either proceeding.

It is obvious, we think, and the parties agree, that one or the other of the deficiency notices is invalid, either because it does not cover the taxpayer's taxable year or, as to the second, because it covers the same period as the first and is prohibited under section 272 (f), Internal Revenue Code.

A preliminary motion was filed by the petitioner to require the Commissioner to make an election as to which notice he would rely upon and for dismissal of the other petition. A later motion was filed by the petitioner for dismissal of the petition based on the second deficiency notice. Both of these motions were denied without prejudice to the petitioner to renew them at the trial of the case on the merits. At such hearing the petitioner did renew both motions. The Court took the motions under advisement and reserved its ruling as to the jurisdictional question.

On that issue we hold that the first deficiency notice of transferee liability, that of April 22, 1943, was a proper notice in that it covered the entire period of the taxpayer's operations for the year 1924, and was in effect a notice for the entire year. See *Commissioner* v. *Forest Glen Creamery Co.*, 98 Fed. (2d) 968; certiorari denied, 306 U. S. 639.

The proceeding under Docket No. 5896, based upon the second deficiency notice, that of June 1, 1944, will therefore be dismissed for want of jurisdiction.

The essential requirement of a valid return, as set forth by section 239 of the Revenue Act of 1918, and subsequent acts, and as often emphasized by this and other courts, is that it shall state specifically the items of gross income and the allowable deductions and credits upon which the tax may be computed. Thus, in *Lucas* v. *Colmer-Green Lumber Co.*, 49 Fed. (2d) 234, the court said:

* * * Section 239 of the Revenue Act of 1918 * * * required every corporation to "make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title." This information is essen-

tial to an assessment of the tax, and to procure it is the object of requiring the return. * * *

See also *United States* v. *National Tank & Export Co.*, 45 Fed. (2d) 1005; *F. A. Hall Co.*, 3 B. T. A. 1172; *American Vineyard Co.*, 15 B. T. A. 452; *Peerless Iron Pipe Exchange, Inc.*, 23 B. T. A. 900; *Gem Securities Corporation*, 28 B. T. A. 102; affd., 72 Fed. (2d) 295; certiorari denied, 293 U. S. 613.

*F. A. Hall Co.*, *supra*, involved facts much like those in the instant case. There the taxpayer and another corporation which acquired all of its stock on August 1, 1918, filed a consolidated or joint return for the entire year 1918. The Commissioner contended that the taxpayer should have filed a separate return for the period January 1 to July 31, 1918, and that the return filed was not a valid return and did not start the running of the statute. We held that the return was sufficient to start the running of the statute in favor of the taxpayer. See also *National Tank & Export Co.*, 3 B. T. A. 1217; affd., 35 Fed. (2d) 381; and *Stetson & Ellison*, 11 B. T. A. 397; affd., 43 Fed. (2d) 553.

In *Stetson & Ellison, supra*, we said that:

Where a consolidated return has been prepared and filed in good faith, and the names of the companies included in the consolidation are made clear to the respondent, and all of the "items of gross income and the deductions" are included therein, although said items of income and deductions may not be in sufficient detail to enable the respondent to accurately compute the tax against each of the companies, there is a "substantial" compliance with the statute.

In *American Vineyard Co., supra*, we held that a joint return filed for 1918 by a corporation which had been organized during the year and its predecessor corporation, whose assets it had acquired upon organization, was not the return required by law for either company and did not start the running of the statute of limitations. In so holding we pointed out that:

* * * The two corporations were not affiliated and it is not contended that they were. They did not file a consolidated return, and it is not contended that they were entitled to file such a return. The return simply included the income of one corporation for one portion of the calendar year 1917 and of the other corporation for the remainder of the year, but made no segregation or separation of the income, gain, profits or deductions of the two corporations. This return did not specify nor give any information by which the income of either of the companies could be determined. There was no specification as to what proportion of the income was received by one or the other.

As a further reason for our holding in the *American Vineyard Co.* case, we pointed out that the statute did not provide for or warrant the filing for 1917 of joint returns by two corporations for a taxable year when one retires from business at some time during the period.

In *Gem Securities Corporation, supra*, we held that a return similar to that considered in *American Vineyard Co., supra*:

* * * in failing to show separately the items of its income, deductions, and credits, did not meet the requirements of the statute and was inadequate to start the running of the limitations period.

The only difference between the two cases was that in the *American Vineyard Co.* case the return bore the names, in its heading, of both corporations. We said that that was not an effective distinction; that:

* * * The substance of the matter in both cases is that the return includes the operations of two companies without a segregation of items as required by statute and hence is not the statutory return of the company filing it. * * *

The return under consideration contained the separate items of gross income and deductions of both Harvey Coal Co. and Harvey Coal Corporation. The items pertaining to Harvey Coal Co. were set out in a separate schedule and were plainly identified. While the return may not have been in proper form and may not have met all the requirements of the law and the Commissioner's regulations, we think that it was adequate to start the running of the statute of limitations, as the petitioner contends. The Commissioner used the return as a basis for an additional assessment against the petitioner for 1924, and in so doing the Commissioner made separate computations for each of the corporations. The notice of deficiency for 1924, sent to the petitioner March 5, 1929, was said to be based upon "The Revenue Agent's reports, supplemental valuation report and your several briefs" filed in the case. The computation attached to the notice showed an increase in the loss of Harvey Coal Co. for the period January 1 to October 31, 1924, from $5,673.87, as shown in the company's books, to $25,637.31. That loss, however, was not allowed to Harvey Coal Corporation.

The Commissioner did not at any time call upon the petitioner or Harvey Coal Co. to file any additional return for any portion of the year 1924, or question the adequacy of the return filed by them until the present controversy arose. In the absence of any concealment or misrepresentation on the part of the taxpayer, and with all of the essential facts upon which the present action is based having been known to the Commissioner for many years, little can be said to justify so long a delay in his efforts to collect the taxes which he now claims to be due.

In any event, we think, for the reasons stated above, that any tax liability of Harvey Coal Co. for 1924 is barred by the statute.

Reviewed by the Court.

*Decision will be entered for the petitioner.*