CENTURY DATA SYSTEMS, INC., AND CALIFORNIA COMPUTER PRODUCTS, INC., PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2227–76.    Filed March 8, 1983.

*James G. Phillipp* and *Daniel M. Davidson,* for the petitioners.

*John O. Kent,* for the respondent.

OPINION

FAY, *Judge*: Respondent determined the following deficiencies in and additions to petitioner Century Data Systems, Inc.'s

Federal income tax for the following taxable years:[1]

| Taxable year or period ended | Deficiency | Additions to tax sec. 6653(a)[2] |
|---|---|---|
| June 30, 1970 | $28,044.59 | 0 |
| June 30, 1971 | 6,202,136.50 | $310,106.83 |
| Mar. 31, 1972 | 945,551.13 | 47,277.56 |

This case is before the Court on petitioners' motion for judgment on the pleadings under Rule 120.

Both petitioners, Century Data Systems, Inc. (hereafter petitioner) and California Computer Products, Inc. (hereafter Cal Comp), had their principal places of business in Anaheim, Calif., when they filed their petition in this case. At all relevant times, both petitioner and Cal Comp were engaged in the business of manufacturing components and related items for electronic computer systems. Cal Comp owned a large portion of petitioner's stock. On December 12, 1974, petitioner was liquidated and all of its assets were transferred to, and all of its liabilities were assumed by, Cal Comp. As such, Cal Comp is joined as a co-petitioner solely by reason of its status as successor in interest to petitioner.

From the date of its incorporation on July 30, 1968, through December 31, 1971, petitioner kept its books on the basis of a calendar year. Thus, petitioner filed Federal income tax returns for its calendar years ended December 31, 1968, and December 31, 1969. On the assumption it could properly join Cal Comp in a consolidated return for the fiscal year ending June 30, 1971, petitioner filed a short-period return for the 6-month period January 1, 1970, through June 30, 1970.[3] By way

---

[1]On July 25, 1980, respondent filed an answer to amended petition asserting deficiencies and additions to tax for the following taxable years:

| Taxable year | Deficiency | Additions to tax sec. 6651(a) | Additions to tax sec. 6653(a) |
|---|---|---|---|
| Dec. 31, 1970 | $3,291,164.32 | $882,791.07 | $164,588.21 |
| Dec. 31, 1971 | 3,717,512.74 | 929,378.17 | 185,875.63 |
| Mar. 31, 1972 | 299,377.80 | 74,844.45 | 14,968.89 |

[2]All section references are to the Internal Revenue Code of 1954 as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]"If the consolidated return of a group properly includes the income of a corporation for only a portion of such corporation's taxable year, * * * then the income for the portion of such taxable year not included in the consolidated return must be included in a separate return. [Sec. 1.1502–76(b)(2), Income Tax Regs.]"

of explanation, petitioner attached the following statement to this return:

Taxpayer hereby elects to change its taxable year from a calendar year to a fiscal year ending June 30. This election is made pursuant to Reg. 1.1502–76 and thereby conforms the year of the taxpayer to its parent for the purpose of filing a consolidated tax return for the year July 1, 1970 through June 30, 1971, and thereafter.

The balance of petitioner's income and deductions for the remaining 6 months of 1970 and the first 6 months of 1971 was reported and included in Cal Comp's initial consolidated return for the fiscal year ending June 30, 1971. Petitioner also joined in the consolidated return of Cal Comp for the fiscal year ending June 30, 1972.

As it turned out, petitioner was not entitled to join in a consolidated return until April 3, 1972, when Cal Comp acquired more than 80 percent of the common stock of petitioner.[4] For this reason, respondent issued a notice of deficiency since petitioner "failed to qualify under section 1504 of the Internal Revenue Code to entitle petitioner to file a consolidated return." The statutory notice asserted deficiencies for petitioner's taxable years ending June 30, 1970, June 30, 1971, and March 31, 1972.

The issue arises herein because, as respondent readily admits, he issued a notice of deficiency for nonexistent taxable years. Even though petitioner mistakenly joined in fiscal year consolidated returns, it continued to keep its books on a calendar year basis. Thus, petitioner's correct taxable years were December 31, 1970, December 31, 1971, and April 3, 1972 (see sec. 441), whereas respondent issued a statutory notice for taxable years ending June 30, 1970, June 30, 1971, and March 31, 1972. Petitioners contend the statutory notice is totally

---

[4]Sec. 1501 provides that an affiliated group of corporations shall have the privilege of making a consolidated return in lieu of separate returns. Under sec. 1504, an affiliated group means one or more chains of includable corporations connected through stock ownership with a common parent if —

(1) Stock possessing at least 80 percent of the voting power of all classes of stock and at least 80 percent of each class of the nonvoting stock of each of the includible corporations (except the common parent corporation) is owned directly by one or more of the other includible corporations; and

(2) The common parent corporation owns directly stock possessing at least 80 percent of the voting power of all classes of stock and at least 80 percent of each class of the nonvoting stock of at least one of the other includible corporations.

ineffective to confer jurisdiction on this Court to find any deficiency whatsoever in the correct taxable years. Respondent claims this defect does not invalidate the statutory notice with respect to petitioner's taxable years ended December 31, 1970, and December 31, 1971.[5]

On substantially identical facts and in a Court-reviewed opinion, this Court held it is without jurisdiction to redetermine a deficiency for the incorrect taxable years. See *Atlas Oil & Refining Corp. v. Commissioner*, 17 T.C. 733 (1951) (hereafter *Atlas Oil I*). Shortly after the taxpayer in *Atlas Oil I* was incorporated, it adopted through its bylaws a fiscal year ending November 30. At the same time, the rules of the Interstate Commerce Commission (ICC) required the taxpayer to keep its books on the basis of a calendar year. In conformity with ICC regulations, the taxpayer formally closed its books on December 31, 1942, and December 31, 1943. Presumably to take advantage of the audited income statement prepared by its independent accountants in deference to its bylaws, the taxpayer filed its 1942 and 1943 Federal income tax returns on the basis of a fiscal year ended November 30. Not unexpectedly, respondent determined deficiencies in petitioner's fiscal years ending November 30, 1942, and November 30, 1943. The Court first made a finding of fact that the taxpayer's books were indeed kept on a calendar year basis. Then the Court entered a decision for the taxpayer since the deficiencies were incorrectly determined on a fiscal year basis. *Atlas Oil I* at 740.[6]

---

[5]Respondent concedes this Court is without jurisdiction to determine a deficiency for petitioner's correct short taxable period ended Apr. 3, 1972, insofar as respondent's statutory notice covers the period ending Mar. 31, 1972.

[6]Respondent did not appeal the decisions in *Atlas Oil I*. After those decisions became final, respondent issued notices of deficiency for the correct taxable years ended Dec. 31, 1942, and Dec. 31, 1943. In the companion case, this Court held the statute of limitations barred assessment of the asserted deficiencies. *Atlas Oil & Refining Corp. v. Commissioner*, 22 T.C. 552 (1954) (hereafter *Atlas Oil II*).

In *Atlas Oil II*, respondent made three arguments why the statute of limitations did not bar assessment of the taxes. First, he argued that since the taxpayer's returns were based on incorrect taxable years, no return was filed which triggered the running of the statute. On the rationale of *Paso Robles Mercantile Co. v. Commissioner*, 12 B.T.A. 750 (1928), affd. 33 F.2d 653 (9th Cir. 1929), we held that notwithstanding that the taxpayer filed returns based on incorrect taxable years, the statute begins to run where returns purporting to cover the entire correct taxable year have been filed. *Atlas Oil II* at 557. We distinguished the case where the statute does not begin to run if the taxpayer files a return for a period less than the proper taxable period. See *Gensinger v. Commissioner*, 18 T.C. 122 (1952), affd. 208 F.2d

As in the case before us, *Atlas Oil I* involved a statutory notice covering 2 incorrect taxable years but nevertheless encompassing the entire correct taxable year. Respondent acknowledges *Atlas Oil I* controls herein if it is still good law. He claims, however, that *Atlas Oil I* was impliedly overruled by this Court's more recent opinion in *Sanderling, Inc. v. Commissioner*, 66 T.C. 743 (1976), affd. on this issue 571 F.2d 174 (3d Cir. 1978).

In *Sanderling*, the corporate taxpayer, after completing its process of liquidation, closed its final taxable year on January 22, 1969. The statutory notice was issued for its normal fiscal year ending February 28, 1969. Consequently, the statutory notice covered a total of 37 days beyond the end of the correct taxable year. In holding we had jurisdiction even though the statutory notice set forth an incorrect taxable year, this Court stated:

Even though * * * [the period ending February 28, 1969] was subsequently determined not to be * * * [the taxpayer's] correct taxable year, where the notice is based on the taxpayer's final tax period and covers the entire period of the taxpayer's operations, it is a valid determination for that period. * * * [*Sanderling, Inc. v. Commissioner*, 66 T.C. at 749.]

Under *Sanderling*, respondent claims that so long as no part of a taxpayer's correct taxable year extends beyond the taxable year(s) asserted in the statutory notice(s), that notice is not invalid.[7] Since the statutory notice in *Atlas Oil I* covered the

---

576 (9th Cir. 1953). See also *Harvey Coal Corp. v. Commissioner*, 12 T.C. 596 (1949), wherein the filing of a consolidated return constituted a valid return for purposes of running the statute of limitations.

Second, respondent argued that even if the statute began to run with the filing of the taxpayer's returns, the statute was nevertheless suspended during prior Tax Court proceedings in *Atlas Oil I* since respondent was precluded from issuing a second statutory notice for the same taxable year. See secs. 272(f) and 277, I.R.C. 1939, and secs. 6212(c) and 6213(a), I.R.C. 1954. This Court had no trouble concluding that a fiscal year is a different taxable year than a calendar year, and, therefore, respondent was not precluded from issuing a second statutory notice for the taxpayer's correct calendar taxable years. Thus, the statute of limitations was not suspended by the filing of petitions with respect to incorrect taxable years. *Atlas Oil II* at 558, 559. For similar reasons, this Court held that consents to waive the statute applied only to the fiscal years and had no effect on the calendar years. *Atlas Oil II* at 560, 561.

Finally, this Court dismissed respondent's estoppel argument based on *Stearns Co. v. United States*, 291 U.S. 54 (1934); *Atlas Oil II* at 559, 560.

[7]In particular, respondent relies on the following footnote in *Sanderling*:

"The cases in this area which hold we are without jurisdiction deal with the converse of the instant situation—that is, where respondent issued the statutory notice for a fractional

taxpayer's entire correct taxable year (calendar year 1942), respondent concludes *Atlas Oil I* has been overruled, though not expressly so, by our holding in *Sanderling*.[8]

We cannot agree with respondent that the holding in *Atlas Oil I* was overruled by our more recent opinion in *Sanderling*. The cases are readily distinguishable and, as we have noted, neither *Sanderling* nor any subsequent case purports to overrule *Atlas Oil I*.[9] The statutory notice in *Sanderling* determined a deficiency for a taxable year covering the taxpayer's complete, albeit short, taxable year. Moreover, the additional 37-day period erroneously included in that notice was not a part of any taxable period since the taxpayer had terminated its existence. In contrast, the statutory notice in *Atlas Oil I* covered less than the taxpayer's full taxable year and included a portion of another taxable year.

This distinction is more than theoretical. The additional 37-day period in *Sanderling* represented a period of time the taxpayer was simply not in existence. Thus, it obviously had no income or deductions during this 37-day period which would either increase or decrease the asserted deficiency. On the other hand, where the statutory notice describes an incorrect taxable year composed of some portion of each of 2 correct taxable years, the notice is inherently erroneous because the deficiency asserted has necessarily omitted items

---

part of taxpayer's fiscal or calendar year only to find that the taxpayer's existence continued past that date. E.g., *Anne Schick*, 45 T.C. 368 (1966); *Columbia River Orchards, Inc.*, 15 T.C. 253 (1950); *Elgin Compress Co.*, 31 B.T.A. 273 (1934). These cases do not hold the notices to be invalid per se by reason of setting forth an incorrect taxable period, but rather that we lack jurisdiction over any period beyond the last date included in the deficiency notice. *Columbia River Orchards, supra* at 261. In the instant case, however, petitioner's taxable year of Mar. 1, 1968, to Jan. 22, 1969, ended prior to the last date included in the deficiency notice and, therefore, we find these cases distinguishable from the case at hand. [*Sanderling, Inc. v. Commissioner*, 66 T.C. 743, 749–750 n.7 (1976).]"

[8]Respondent actually claims that *Sanderling* impliedly overruled "the holding and result in *Atlas [Oil] II*." Respondent's Brief at 7. The issue in *Atlas Oil II* concerned only whether the statute of limitations barred assessment of taxes after the second statutory notice had been issued. See note 6 *supra*. The statute of limitations has never been raised in this case. Instead, the issue we are presented with is the same issue this Court dealt with in *Atlas Oil I*, namely, whether in the first instance, this Court has jurisdiction to redetermine deficiencies for incorrect taxable years. Accordingly, we assume, as petitioner has done, that respondent's reference to *Atlas Oil II* is inadvertent.

[9]The holding in *Sanderling* was followed in *Burford v. Commissioner*, 76 T.C. 96 (1981), wherein we held the issuance of a notice of deficiency for gift tax for a calendar year instead of the proper period, a calendar quarter, does not invalidate the notice.

of income and deduction of the correct taxable year and has included other items which properly belong in another taxable year. The distinction is readily apparent. Absent a clear expression to do so, it cannot be said that *Atlas Oil I* was overruled by *Sanderling*.

Moreover, we reaffirm the holding in *Atlas Oil I*. We have long held that respondent has no authority to issue a notice of deficiency for a period less than the taxpayer's full taxable year. *Pittsburgh Realty Investment Trust v. Commissioner*, 67 T.C. 260, 282 (1976); *Schick v. Commissioner*, 45 T.C. 368 (1966); *Columbia River Orchards, Inc. v. Commissioner*, 15 T.C. 253 (1950) (reviewed by the Court); *Oklahoma Contracting Corp. v. Commissioner*, 35 B.T.A. 232 (1937); *Pittsburgh & West Virginia Railway Co. v. Commissioner*, 32 B.T.A. 66 (1935); *Elgin Compress Co. v. Commissioner*, 31 B.T.A. 273 (1934) (reviewed by the Board); *Brooklyn City Railroad Co. v. Commissioner*, 27 B.T.A. 77 (1932), affd. 72 F.2d 274 (2d Cir. 1934); *Smith v. Commissioner*, 26 B.T.A. 1178 (1932). The basis of these decisions is that, under section 6214(b) and its predecessors, the Tax Court simply has no jurisdiction to determine a deficiency for any taxable year other than a taxpayer's correct taxable year.[10]

In *Brooklyn City Railroad Co. v. Commissioner*, 27 B.T.A. 77 (1932), affd. 72 F.2d 274 (2d Cir. 1934), the taxpayer kept its books on a fiscal year basis but filed its returns as of the end of the calendar year. Respondent issued a notice of deficiency proposing an additional assessment for calendar year 1921. The Board held that respondent had no authority to compute the taxpayer's liability on any basis other than the same fiscal year for which the taxpayer actually kept its books. Since there could be no deficiency for a calendar year, the statutory notice was held invalid.

In *Schick v. Commissioner*, 45 T.C. 368 (1966), the corporate taxpayer kept its books on the fiscal year ending October 31. The taxpayer filed what appeared to be its final return covering the 3-month period November 1, 1958, through January 31, 1959. Although the return indicated the taxpayer

[10]Sec. 6214(b) provides in pertinent part that the Tax Court, in redetermining a deficiency in income tax for any taxable year, shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid.

had distributed its only asset (a mortgage) to its shareholders prior to January 31, 1959, it became apparent at trial that the mortgage had not been assigned to the shareholders until December 1, 1959. In entering decisions for the taxpayers, the Court held that any deficiency had to be determined on the basis of the corporation's full taxable year ended October 31, 1959. The Court stated:

> Respondent is not authorized to determine a deficiency for a period less than a taxpayer's proper taxable year. *Oklahoma Contracting Corporation*, [35 B.T.A. 232 (1937)]. Nor does the fact that the determination was made for the same period as was covered by the taxpayer's return prevent * * * [the taxpayers] from showing such period not to be a proper taxable year. *Columbia River Orchards, Inc.* * * * [15 T.C. 253 (1950)]. Respondent urges that we at least find a deficiency for the period November 1, 1958, to January 31, 1959. However, we have no more authority to make such a determination than does respondent. *Columbia River Orchards, Inc., supra; Pittsburg & West Virginia Railway Co., supra.* * * * [*Schick v. Commissioner*, 45 T.C. at 373].

In accordance with this line of authority, respondent concedes that this Court is without jurisdiction to redetermine a deficiency for petitioner's short period ended April 3, 1972, insofar as respondent's statutory notice covered the period ending March 31, 1972. See note 5 *supra*. With respect to the taxable years ending December 31, 1971, and December 31, 1972, it is undisputed that respondent issued statutory notices for the incorrect fiscal years ending June 30, 1971, and June 30, 1972. This jurisdictional defect is not cured simply because the entire correct taxable year happens to fall within the taxable years asserted in the notice of deficiency.[11] A fiscal year is still a different taxable year than a calendar year. *Atlas Oil II*, 22 T.C. 552, 558 (1954). In *Atlas Oil II*, we stated:

---

[11]This case is distinguishable from those cases that uphold the validity of the statutory notice when it is apparent within the notice itself that it covers the correct taxable period. See, for example, *Saint Paul Bottling Co. v. Commissioner*, 34 T.C. 1137 (1960) (where the statutory notice asserted deficiencies for 1952, 1953, and 1954 but an attached schedule identified the deficiencies for the proper taxable years 1956, 1957, and 1958); *Scofield's Estate v. Commissioner*, 266 F.2d. 154 (6th Cir. 1959), revg. 25 T.C. 774 (1956), and *Commissioner v. Forest Glen C. Co.*, 98 F.2d 968 (7th Cir. 1938), revg. 33 B.T.A. 564 (1935) (where the statutory notice was issued for a fractional part of the correct taxable year but adjustments and computations of tax liability contained in the notice or details in an attached statement indicated the deficiency was determined for the entire proper taxable year). See also *Harvey Coal Corp. v. Commissioner*, 12 T.C. 596 (1949) (where a notice of transferee liability for the first 10 months of 1924 was in effect a notice for the entire year).

The essence of the holding in * * * [*Atlas Oil I*] is that this Court was without authority to consider the correctness or incorrectness of any proposed deficiency with respect to the fiscal years because deficiencies could be determined only on a calendar year basis. And since the deficiency notices were predicated on a fiscal year basis, this Court had no power to consider any possible deficiencies for the calendar years which overlapped or were comprehended within the fiscal years. The jurisdiction of this Court is limited by statute to consideration of the taxable years covered by the notice of deficiency, * * * [sec. 272(g), I.R.C. 1939, sec. 6214(b), I.R.C. 1954], and we have made it plain that such jurisdiction does not embrace any periods *other than the precise ones* for which the Commissioner determined deficiencies * * * Accordingly, this Court was without authority in the prior proceedings to approve deficiencies either for the fiscal years or for the calendar years. [*Atlas Oil II*, 22 T.C. at 558; citations omitted; emphasis added.]

Since petitioner's books were closed at the end of each calendar year, its Federal income tax liability should have been determined on a calendar year basis. This Court has no jurisdiction to redetermine a deficiency with respect to fiscal years. The proper procedure is for respondent to issue a new notice of deficiency within the applicable period of limitations for the proper taxable year. See *Schick v. Commissioner*, 45 T.C. 368 (1966); *Gensinger v. Commissioner*, 18 T.C. 122 (1952), affd. 208 F.2d 576 (9th Cir. 1953). See also *Atlas Tool Co. v. Commissioner*, 70 T.C. 86, 108 n. 18 (1978), affd. 614 F.2d 860 (3d Cir. 1980).

To reflect the foregoing,

*An order dismissing the case for lack of jurisdiction will be entered.*