17-3622-cv
Diebold Found. v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 15th day of November, two thousand eighteen.

PRESENT:  REENA RAGGI,
             GERARD E. LYNCH,
             CHRISTOPHER F. DRONEY,
               *Circuit Judges*.

------------------------------------------------------------

DIEBOLD FOUNDATION, INC., TRANSFEREE,

        *Petitioner-Appellant*,

    v.                              No. 17-3622-cv

COMMISSIONER OF INTERNAL REVENUE,

        *Respondent-Appellee*,

------------------------------------------------------------

FOR PETITIONER-APPELLANT:    A. DUANE WEBBER (Phillip J. Taylor, Mireille R. Oldak, *on the brief*), Baker & McKenzie LLP, Washington, DC.

FOR RESPONDENT-APPELLEE:    CLINT A. CARPENTER (Gilbert S. Rothenberg, Arthur T. Catterall, *on the brief*), *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, United States Department of Justice, Washington, DC.

Appeal from a decision of the United States Tax Court (Goeke, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Tax Court is **AFFIRMED.**

This is the second appeal to us arising from Petitioner-Appellant Diebold Foundation, Inc.'s ("Diebold") challenge to a tax assessment by Respondent-Appellee Commissioner of Internal Revenue ("IRS"). Diebold now appeals from an August 4, 2017, decision of the United States Tax Court in favor of the IRS, holding that Diebold was liable for unpaid income tax for the tax year July 1 through July 2, 1999, in the amount of $33,542,496.29, plus interest.

In our previous decision in this case, we described the complex "Midco" transaction through which a personal holding company, Double-D Ranch ("Double-D"), sold approximately $300 million of its assets, comprising publicly traded securities, real property, and cash. *Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 175–83 (2d Cir. 2013). The value of the non-cash assets had appreciated significantly during the period Double-D held them, such that an asset sale would have triggered a tax liability for built-in gains of approximately $81 million. *Id*. at 176. A "Midco" transaction was executed to arrange for Double-D and the recipients of the liquidated assets to substantially avoid this tax liability. *Id*. Diebold was one of three foundations which each eventually received—from intermediary "Midco" entities—over $33 million from the sale. *Id*. at 181. Because the remaining facts regarding the Midco transaction are not pertinent for purposes of this appeal, we will otherwise assume the parties' familiarity with those underlying facts in this case.

On March 10, 2006, the IRS sent Double-D a notice of deficiency in the amount of $97,344,076.80 for its declared tax year July 1 through July 2, 1999.[1] "[T]he IRS was unable to find any Double D assets from which to collect the liability." *Diebold*, 736 F.3d at 181. "Deciding that any additional efforts to collect from Double D would be futile," the IRS attempted to collect from Diebold and the other foundations as transferees of transferees of a taxpayer which owed that income tax. *Id*. Accordingly, on July 11, 2008, the IRS sent Diebold a notice of transferee liability for $33,542,496.29—one third of Double-D's liability—for the same short tax year. Diebold and the other foundations filed a petition in the Tax Court challenging the assessment. Initially, "[t]he Tax Court found in favor of the petitioners, holding . . . that Diebold and the other . . . Foundations were not liable as transferees of a transferee." *Id*. at 182. We vacated that decision and remanded the case to the Tax Court. *Id*. at 190.

---

[1] Prior to the transaction at issue here, Double-D's tax year was set to end on June 30, 2000. After it completed the transaction, however, Double-D filed a corporate tax return for a short taxable year, ending July 2, 1999.

On remand, the Tax Court concluded, in an August 15, 2016, memorandum opinion, "that Double-D Ranch was liable for unpaid tax for the short tax year ending July [2,] 1999, the notices of liability were timely issued [and] petitioners [including Diebold] are liable as transferees of a transferee of Double D Ranch." App'x at 6–26. On October 4, 2016,— seven years after filing its petition with the Tax Court—Diebold filed a motion to dismiss for lack of subject matter jurisdiction, contending that the notice of deficiency issued to Double-D and the notice of transferee liability issued to Diebold stated the incorrect tax year. *Id*. at 27. The Tax Court denied the motion on June 6, 2017, and it entered a final decision in the IRS's favor on August 4, 2017. Diebold timely appealed.

On appeal, Diebold argues that the Tax Court lacked subject matter jurisdiction because the IRS's notice to Diebold of transferee liability stated an incorrect end date for the July 1, 1999, taxable year (attributed to Diebold as Double-D's transferee). Rather than ending July 2, 1999—as Double-D had itself claimed based on purported stock transfers— Diebold contends the tax year ended June 30, 2000, based on the Commissioner's recharacterization of those transactions as assets transfers.

"We review *de novo* the Tax Court's legal conclusions and for clear error its factual findings." *Chai v. Comm'r*, 851 F.3d 190, 204 (2d Cir. 2017). "In particular, we owe no deference to the Tax Court's statutory interpretations, its relationship to us being that of a district court to a court of appeals, not that of an administrative agency to a court of appeals." *Id.* (internal citations, alterations, and quotation marks omitted).

26 U.S.C. § 6212(a) "authorizes the Secretary of the Treasury or [the Secretary's] delegate to send a taxpayer a notice of deficiency if the Secretary 'determines that there is a deficiency in respect of any tax imposed.'" *Andrew Crispo Gallery, Inc. v. Comm'r*, 16 F.3d 1336, 1340 (2d Cir. 1994) (quoting § 6212(a)). "Section 6213(a) provides in part that 'the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency' and '[t]he Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed.'" *Id*. (quoting 26 U.S.C. § 6213(a)) (alteration in original).

The essential requirements for a valid notice of transferee liability are the same as for a notice of deficiency (together, "notice"). *See* 26 U.S.C. § 6901(a) (stating that, subject to delineated exceptions, transferee liabilities "shall . . . be . . . collected in the same manner and subject to the same provisions and limitations as in the case of the taxes . . . to which the liabilities were incurred"). A notice must, "at a minimum[,] . . . identify the taxpayer, indicate that the Commissioner has made a determination of deficiency [or liability], and specify the taxable year and amount" owed.[2] *O'Rourke v. United States*, 587 F.3d 537,

---

[2] As the IRS observes, our decisions, and those of our sister circuits, which have stated that the notice must include the taxable year, appear to have either pre-dated or not explicitly reconciled that requirement with 26 U.S.C. § 7522(a), which was enacted in 1988. *See Estate of Yaeger v. Comm'r*, 889 F.2d 29, 35 (2d Cir. 1989) (stating the taxable-year requirement and collecting decisions from sister circuits). Section 7522(a)

3

541 (2d Cir. 2009) (quoting *Andrew Crispo Gallery*, 16 F.3d at 1340). "The notice is only to advise the person who is to pay . . . that the Commissioner means to assess him; anything that does this unequivocally is good enough . . . ." *Id*. (quoting *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir. 1937)) (internal quotation marks and alteration omitted). And so, we have rejected, for example, the argument that the amount of the deficiency or liability stated in the notice must match the final assessment. *See O'Rourke*, 587 F.3d at 541 (citing *Olsen*, 88 F.2d at 651).

The Fifth Circuit has explained the reasoning behind this standard. In *Stevens v. Comm'r*, 709 F.2d 12, 13 (5th Cir. 1983), that court rejected the argument that the Tax Court's merits determination that no deficiency existed meant that the notice was insufficient to confer jurisdiction upon the Tax Court. According to the Fifth Circuit, "[i]t is not the *existence* of a deficiency but the Commissioner's *determination* of a deficiency that provides a predicate for Tax Court jurisdiction." *Id*. (internal quotation marks and citation omitted) (emphasis in original). "That seems obvious," the Fifth Circuit stated, because "the very purpose of the Tax Court is to adjudicate contests to deficiency notices. If the existence of an error in the determination giving rise to the notice deprived the [Tax] Court of jurisdiction, [it] would lack power to perform its function." *Id*. We agree, and we are aware of no other circuit that has come to a different conclusion.

Here, Diebold contends that, pursuant to the Tax Code and certain Treasury Regulations, the IRS issued a notice with the incorrect taxable year and that this rendered the notice invalid. It is undisputed, however, that prior to sending Diebold a notice, the IRS determined that Double-D had a deficiency for its declared short tax year of July 1, 1999, to July 2, 1999,[3] for which Diebold had transferee liability, that the notice identified Diebold as the taxpayer, and that it stated an amount and taxable year. *See O'Rourke*, 587 F.3d at 541.

There is also no dispute that Diebold understood that the IRS sought to assess it for taxes owed by Double-D for its claimed taxable year beginning July 1, 1999 and ending on July 2, 1999. The rationale for noticing a tax deficiency—Double-D's mischaracterization of an assets transfer as a stock transfer—may have raised questions as to whether Double-D had also mischaracterized its July 1, 1999, tax year as a short year ending July 2, 1999, rather than a normal year ending twelve months later on June 30, 2000. As with the substantive correctness of the amount stated on a notice, however, we see no reason why,

---

states that a notice must identify, *inter alia*, the amount of tax due, interest, and penalties. *Id*. It does not state that the notice must include the taxable year underlying the determination. *Id*. However, some other provisions, such as 26 U.S.C. § 6214(b), arguably appear to contemplate that the notice state a taxable year. *Estate of Yaeger*, 889 F.2d at 35, also suggested that due process may require stating the taxable year. *Id*. (citing *Planned Invs., Inc. v. United States*, 881 F.2d 340, 344 (6th Cir. 1989)). We need not decide this issue because the IRS has not argued that a notice need not include the taxable year.

[3] As mentioned above, Double-D itself had filed a tax return for a short tax year ending July 2, 1999.

4

in these circumstances, where Diebold was not misled as to the basis for the noticed deficiency, the taxable year stated on a notice must be completely correct in order to give the Tax Court jurisdiction.[4] We are here satisfied that the notice issued to Diebold was sufficient to "unequivocally" notify Diebold that "the Commissioner mean[t] to assess" it for a portion of the Double-D deficiency for its claimed tax year beginning July 1, 1999. *Olsen*, 88 F.2d at 651. And so, the notice was sufficient to confer subject matter jurisdiction upon the Tax Court in this case.

Diebold's reliance on certain Tax Court cases is misplaced. Diebold relies primarily on *Century Data Systems, Inc. v. Comm'r*, 80 T.C. 529 (1983). In *Century Data Systems*, the Tax Court dismissed for lack of subject matter jurisdiction a taxpayer's challenge to a tax assessment because the IRS stated the substantively incorrect tax year on the deficiency notice. *Id*. at 535–37. The Tax Court stated that "under [26 U.S.C.] section 6214(b) . . . , the Tax Court simply has no jurisdiction to determine a deficiency for any taxable year other than a taxpayer's correct taxable year." *Id*. at 535.

The Tax Court's reading of section 6214(b) in that decision appears to be incorrect. That provision provides as follows:

> The Tax Court in redetermining a deficiency of income tax for any taxable year . . . shall consider such facts with relation to the taxes for other years . . . as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year . . . has been overpaid or underpaid.

§ 6214(b). Read together with section 6213(a), section 6214(b) provides that the Tax Court has jurisdiction over only the IRS's particular determination that forms the basis for a notice. And so, based on only the notice for the taxable year July 1 to July 2, 1999, in this case, the Tax Court could not have reached a judgment as to (for example) Diebold's 2008–09 taxable year. But the Tax Court in *Century Data Systems*, 80 T.C. at 535, had no basis to read into section 6214(b) a "correctness" requirement for the taxable year stated in a notice.[5] Here, the IRS determined and gave notice of a liability of approximately $33 million for the tax year ended July 2, 1999, and that is the only year for which the Tax

---

[4] Indeed, the Tax Court also recently held that even an ambiguous deficiency notice did not defeat the Tax Court's jurisdiction because it was sufficient that the Commissioner actually made a deficiency determination and "the taxpayer was not misled by the . . . notice." *United States v. Dees,* 148 T.C. 1, 6 (2017); *see also id*. at 15, 19 (Ashford, *J.*, concurring) (stating that "jurisdiction depends on the issuance of a notice . . . , it does not depending on the notice's content," and explaining that "nothing in either section 6212 or 6214 . . . specifically requires a notice of deficiency to include the amount or correct taxable year of a deficiency").

[5] We give no deference to the Tax Court's statutory interpretations. *Chai*, 851 F.3d at 204.

Court redetermined whether tax had been overpaid or underpaid. This was sufficient to comply with section 6214(b).

Diebold also cites the Tax Court's decision in *Columbia River Orchards, Inc. v. Comm'r*, 15 T.C. 253, 260–61 (1950). But rather than support Diebold's position, *Columbia River Orchards* is consistent with the correct reading of section 6214(b). There, the taxpayer challenged an IRS determination for the taxable year January 1 through July 17, 1943. *Id.* at 258. The Tax Court found that the taxable transaction at issue took place after July 17, 1943. *Id.* at 261. Thus, "there [was] no deficiency for the period over which [the Tax Court had] jurisdiction" and "no deficiency notice for the period [after July 17, 1943] during which the income involved was realized." *Id.* The IRS attempted to constructively extend (with an amended answer) the period covered by the notice. *Id.* The Tax Court rejected the IRS's view that amending its pleading could grant the Tax Court jurisdiction for a tax year extending past July 17, 1943, because only the deficiency notice itself prescribed the Tax Court's jurisdiction. *Id.* The Tax Court accordingly entered judgment *on the merits* in the taxpayer's favor.[6] As such, *Columbia River Orchards* is not helpful to Diebold's argument.

In its reply brief, Diebold changes course and argues for the first time that the Tax Court was wrong to conclude, on the merits, that Diebold's July 1, 1999, tax year ended July 2, 1999.[7] As such, Diebold argues, the Tax Court's decision should be vacated and remanded with instructions to enter a merits decision in its favor. The parties agree that Diebold raised this issue in the Tax Court, but Diebold did not make the argument in its (56-page) opening brief on appeal. As we have previously explained, "[w]e think it reasonable to . . . oblige[] a lawyer to include his [or her] most cogent arguments in [the] opening brief, upon pain of otherwise finding them waived. Thus, arguments not raised in an appellant's opening brief, but only in his reply brief, are not properly before an appellate court even when the same arguments were raised in the trial court." *McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005).

---

[6] Diebold contends that the Tax Court in *Columbia River Orchards* dismissed the case for lack of jurisdiction. However, the decision addressed two consolidated cases, Nos. 20501 and 20502. *Columbia River Orchards*, 15 T.C. at 259. The Tax Court dismissed No. 20501 for lack of jurisdiction because the petitioner taxpayer improperly brought that action in the name of a dissolved corporation. *Id.* By contrast, a decision was entered in the taxpayer's favor in No. 20502 for the reasons discussed above. *Id.* at 261.

Diebold also relies on the Tax Court's decision in *Pittsburgh Realty Inv. Trust v. Comm'r*, 67 T.C. 260, 281–82 (1976). In *Pittsburgh*, the Tax Court found that the taxable year stated on a notice was substantively incorrect, and it dismissed the action for lack of jurisdiction. *Id.* The Tax Court cited *Columbia River Orchards* to support its decision. But, as we have seen, *Columbia River Orchards* does not support the Tax Court's application of it in *Pittsburgh.* And so, *Pittsburgh* is unpersuasive.

[7] In fact, Diebold all but abandons its jurisdictional arguments in its reply, and only cursorily responds to the IRS's arguments in this regard.

Diebold argues that it was entitled to raise the merits issue for the first time in its reply brief because the IRS raised the issue in its response. That premise is incorrect. The IRS's response was a direct rebuttal to Diebold's argument: Diebold contended that a substantively incorrect tax year on the notice deprived the Tax Court of subject matter jurisdiction, and the IRS showed why it does not.[8] It so happened, as the IRS explained, that this was instead a merits issue.[9] That the IRS pointed this out did not open the door for Diebold to belatedly make this argument in its reply.[10]

Moreover, although we have the discretion to overlook a party's failure to properly raise an issue on appeal if "necessary to avoid manifest injustice," *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000) (internal quotation marks omitted); *see McCarthy*, 406 F.3d at 186, no such injustice would result here. Diebold is "represented by sophisticated counsel," was aware enough of the argument to make it in the Tax Court, and "had ample opportunity . . . to pursue the argument" on appeal, yet, "[f]or [its] own reasons . . . opted not to do so." *See Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 88 (2d Cir. 2007) (finding no manifest injustice in considering appellants' argument waived). What is more, to consider the argument would prejudice the IRS, which was justified in focusing its response on the arguments Diebold chose to make on appeal. Accordingly, the argument is deemed waived.

The Tax Court therefore properly granted judgment in favor of the IRS. We have considered Diebold's remaining arguments and conclude they are without merit. Accordingly, the order of the Tax Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[8] Diebold also contends that the IRS waived this argument by not making it in its (successful) defense of Diebold's motion to dismiss in the Tax Court. But Diebold does not provide any authority for the proposition that an appellee is limited to making the same responses to the opposing party's arguments as it made in the trial court. Rather, Diebold cites only to a decision applying the familiar principle that an *appellant* may waive arguments by failing to timely raise them. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 615 (2d Cir. 2016).

[9] The IRS also devoted a short portion of its response brief to argue, in the alternative, that the taxable year in the notice was substantively correct and so the Tax Court had subject matter jurisdiction even if the notice was required to state the correct year.

[10] To the extent Diebold might argue that a merits argument was subsumed within its jurisdiction argument, and even assuming, *arguendo*, that this contention has some basis, we have stated that "it is not our obligation"—nor that of an appellee—"to ferret out" arguments "hidden between the lines of [a] brief." *McCarthy*, 406 F.3d at 186. "That, after all, is the purpose of briefing." *Id.*