**Steven HOFFENBERG,
Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–Appellee.**

No. 1449, Docket 90–4025.

United States Court of Appeals,
Second Circuit.

Argued June 7, 1990.

Decided June 11, 1990.

Donald Jay Pols, New York City (Shlomo Aaron Beilis Beilis & Pols, P.C., New York City, of counsel), for petitioner-appellant.

Teresa E. McLaughlin, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen and Richard Farber, Attys., Tax Div., Dept. of Justice, Washington, D.C., of counsel), for respondent-appellee.

Before VAN GRAAFEILAND, MINER and ALTIMARI, Circuit Judges.

PER CURIAM:

Petitioner-appellant Steven Hoffenberg (the "taxpayer") appeals from a decision of the United States Tax Court (Fay, *J.*) upholding the sufficiency of the Commissioner's mailing of a Notice of Deficiency to the taxpayer's last known address under I.R.C. § 6212 and dismissing the taxpayer's petition as untimely under I.R.C. §§ 6213(a), 7502. For the reasons that follow, we affirm.

## BACKGROUND

On October 10, 1985, the Commissioner sent a statutory Notice of Deficiency by certified mail to petitioner at the following address:

Steven Hoffenberg

c/o Jesse Vogel, Esq.

34 Paerdegat 10 Street

Brooklyn, New York 11236

Petitioner admits that between 1982 and 1986 he resided at, received mail addressed to, and listed his address on tax returns as: Steven Hoffenberg, 34 Paerdegat, 10 Street, Brooklyn, New York 11236. Petitioner's father has lived at that address for fifteen years and has often received mail for his son there. Petitioner had listed his address as c/o Jesse Vogel, Esq., 85 Livingston Street, Brooklyn, NY 11201, on his 1981 return.

The Commissioner admits that he knew or should have known that the insertion of "c/o Jesse Vogel, Esq." in the address used for the Notice of Deficiency was a mistake. The only issue on appeal is whether the addition of those words renders an otherwise correct address incorrect.

Relying on the Postal Service Domestic Mail Manual and the testimony of Eugene C. Hagburg, a former Assistant Postmaster General called by petitioner as an expert witness, the Tax Court concluded that "[n]otwithstanding the insertion of the words 'c/o Jesse Vogel, Esq.' in the address on the notice of deficiency, the postal carrier would deliver the notice of deficiency to the 10 Street address." The Tax Court found that if delivery could not be completed, the carrier would leave delivery notices at the 10 Street address. The Tax Court further found that certified mail marked "in care of" another would be delivered "to the first of the two persons named who may call for it." If not claimed within fifteen days after the second delivery notice, the Notice of Deficiency would be returned to the IRS. The Commissioner's files contain no indication that the Notice was returned by the Postal Service as undeliverable. All Postal Service records reflecting delivery of certified mail in Brooklyn were destroyed subsequent to the filing of the petition in the Tax Court.

The Tax Court rejected petitioner's claim that he never received the Notice of Deficiency and determined that there was "no convincing evidence that the notice was not delivered." Since petitioner did not file his petition within 90 days of the mailing of the Notice of Deficiency, his petition was dismissed as untimely.

## DISCUSSION

■ A deficiency in income tax may not be collected until the taxpayer is given notice of the deficiency and an opportunity to challenge it in court. I.R.C. § 6213(a). The Commissioner may give such notice by mailing a Notice of Deficiency by certified or registered mail to the taxpayer at his last known address. I.R.C. § 6212(a), (b)(1). If the Notice is mailed to an address within the United States, the taxpayer must file a petition with the Tax Court within 90 days after the Notice is mailed. I.R.C. § 6213(a). A late petition will be dismissed for lack of jurisdiction, and the taxpayer's only remedy then will be to pay the deficiency and bring an action in the district court for a refund. *Tadros v. Commissioner*, 763 F.2d 89, 91 (2d Cir. 1985).

■■ A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered. *Mulder v. Commissioner*, 855 F.2d 208, 212 (5th Cir.1988). The Tax Court found that the presumption applied here, because the address used contained all of the information required by the Postal Service and would result in delivery to petitioner at the 10 Street address. The Tax Court's findings of fact will not be disturbed in the absence of clear error. *Orange County Agricultural Soc'y, Inc. v. Commissioner*, 893 F.2d 529, 532 (2d Cir.1990).

Petitioner contends that the Commissioner did not use the proper address because he included the "care of" line. The Domestic Mail Manual provides that the addition of a "care of" line does not constitute a defect in the address, but merely adds a person at that address who may claim the mail. "Mail marked *In Care of* another is delivered to the first of the two persons named who may call for it; or to the address of the person in whose care it is directed in the absence of instructions from the addressee." Domestic Mail Manual § 153.16. There is no dispute that petitioner lived at the address provided on the Notice of Deficiency and that Mr. Vogel did not live there. Since Mr. Vogel did not live at the address provided on the Notice of Deficiency, there was no possibility that he would call for it or that it would be delivered to him. The inescapable conclusion is that it was delivered to Steven Hoffenberg at the 10 Street address.

Petitioner also asserts that his own witness, former Assistant Postmaster General Hagburg, was not qualified to testify as an expert because he had no personal knowledge of the practices on the particular route in Brooklyn. Hagburg's testimony was necessary only to establish that the local mail carriers would follow the directives in the Domestic Mail Manual. There is no evidence in the record to suggest they would not.

Finally, petitioner raises a number of assertions concerning the Commissioner's records, the absence of testimony regarding his custom and practice of mailing Notices of Deficiency, and the absence of Postal Service records showing receipt of the Notice of Deficiency. The Commissioner's burden of proof is to establish that the Notice of Deficiency was mailed by certified mail to petitioner's last known address. No proof of receipt is required. *Tadros,* 763 F.2d at 91. In light of our finding that the address was correct, the Commissioner's receipt for mailing the Notice satisfies his burden of proof.

## CONCLUSION

The decision of the Tax Court is affirmed.