JERALD WHEAT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wheat v. Commissioner
Docket No. 24649-89
United States Tax Court
T.C. Memo 1992-268; 1992 Tax Ct. Memo LEXIS 288; 63 T.C.M. (CCH) 2955; May 11, 1992, Filed *288 An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. Douglas A. MacDonald, for petitioner. Steven M. Roth, for respondent. DAWSON, WOLFE
NORMAN H. WOLF MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Norman H. Wolfe pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE WOLFE, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed pursuant to section 6213. Petitioner objects to respondent's motion on the ground that respondent failed to produce competent evidence that the statutory notice of deficiency was mailed *289 to petitioner. An evidentiary hearing was held on respondent's motion. Petitioner resided at 6041 Sadring Avenue, Woodland Hills, California, when he filed his petition with this Court on October 11, 1989. Section 6213(a) provides, in part, that a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing in the United States. If a petition is not filed within the 90-day period, this Court does not acquire jurisdiction of the case. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). Respondent alleges that a notice of deficiency relating to petitioner's 1982 taxable year was sent by certified mail to petitioner's Woodland Hills address on October 27, 1986. Noting that petitioner filed his petition in this case 1,095 days after the mailing of the statutory notice, respondent moved to dismiss the petition as untimely. In opposition to respondent's motion, petitioner contends that respondent has failed to prove the proper mailing of the statutory notice to petitioner. Petitioner states that he was first apprised of the existence *290 of a deficiency for the 1982 tax year when he received a Statement of Tax Due on Federal Tax Return dated October 5, 1987. Respondent submitted into evidence a file copy of the statutory notice of deficiency, dated October 27, 1986. In that notice, respondent determined the following deficiency and additions to tax for the 1982 tax year: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 16,439
$ 2,523.75
$ 821.95
[1]
The subject notice of deficiency and certified mail list (Form 3624) were prepared at the Los Angeles District Office (Los Angeles Office) of the Internal Revenue Service (IRS). The evidence introduced by respondent supports the conclusion that the notice of deficiency was mailed from the Federal Station Post Office in Los Angeles. Mary Wilson (Wilson) was the branch chief for the Examination Support and Processing Branch *291 of the Los Angeles Office during the time the subject notice was prepared and was familiar with the procedures of the Word Processing and Typing Unit (Unit), a Unit she supervised, and the Unit responsible for the preparation of certified mail lists and notices of deficiency. Wilson presented detailed and competent testimony of the procedures for preparing a notice of deficiency from the time the case arrived in the Unit until the time the notice of deficiency was mailed. In addition, she testified that a file copy of the statutory notice was prepared and placed in storage in the file room within the Unit either the day the notice was mailed or the following day. The file copy of the notice of deficiency introduced into evidence in this case is date stamped October 27, 1986. Clara Jones (Jones) is the supervisor of the Unit and custodian of the file copies of the notices of deficiency and certified mail lists. She gave competent testimony as to her retrieval of the file copy of the subject notice of deficiency from the storage room in the Unit. Wilson also gave detailed testimony of the standard procedures in effect in the Unit in October 1986, with respect to the preparation *292 and handling of the certified mail lists. Wilson explained that the preparation of the certified mail lists was part of the regular duties of the employees of the Unit and that the employees preparing the lists had personal knowledge of the entries. Under standard procedures, employees typed the certified mail number, and the name, address, Social Security number, and tax year involved for each taxpayer on the certified mail list. Employees used either Form 3877 or Form 3624 for the certified mail list. These forms required the identical information, and either form was accepted by the post office as a certified mail list. The certified mail list in this case was prepared on Form 3624 and contains the entries required under standard procedures. The name and address of petitioner appears on the subject list, as does his Social Security number, the tax year involved, and the certified mail number. The handwritten entry of "4 pieces 10/27/86 rd. OE DO 95" appears at the bottom of the list under the headings "TOTAL NO. OF PIECES LISTED BY SENDER", "TOTAL NO. OF PIECES RECEIVED AT P.O.", AND "POSTMASTER AND DATE". An employee in the Unit wrote this notation under standard procedures. *293 The notation means that four notices of deficiency were prepared for mailing by RD, an employee of the Unit. "OE" and "DO 95" indicate the field and district offices. The procedure of the Unit was to leave blank that area below the notation "TOTAL NUMBER OF PIECES RECEIVED AT THE POST OFFICE". The postal clerk did not indicate the number of pieces received nor did he sign and date the list in this case, although the Internal Revenue Manual states that he should have done so. 2 Audit, Internal Revenue Manual (CCH), sec. 4462.2(6), at 7901. Under standard procedures in effect during October 1986, the notice of deficiency was prepared prior to the preparation of the certified mail list. The list was prepared before the date was stamped on the notice, and the list was prepared contemporaneously with the preparation of the mailing. The certified mail number was typed on the certified mail list by referring to the certified mail sticker that was placed on the envelope containing the notice. After an employee of the Unit prepared the list, the notice was stamped with the current date and prepared for mailing. The certified mail list was wrapped around the envelopes and put in a *294 tray to be taken to the post office. The employee who took the letters for mailing would return from the post office with the original list bearing the round postal service stamp which was affixed by the postal clerk. The list was then placed in a binder and filed in a security cabinet in the Unit for future reference. The postal service stamp, indicating a date of October 27, 1986, is above and to the right of the handwritten notation on the certified mail list at issue in this case. Mary Willis (Willis) was employed as a postal clerk at the Federal Station Post Office in Los Angeles in October 1986, and has been so employed at that post of duty for 16 years. Willis testified that during October 1986, the post office accepted IRS forms in addition to the post office Form 3877. She identified the subject list as one of these forms. Based on the round postal stamp, Willis testified that the subject list was handled by the Federal Station Post Office in Los Angeles. Willis also testified as to the standard procedures for mailing certified mail at the Federal Station Post Office in October 1986. Under standard procedures, the postal clerk compared the certified mail numbers *295 on the envelopes to the numbers on the certified mail list to ensure that they matched. The postal clerk then stamped the list with the official round postal stamp. Based on standard procedures at the Federal Station Post Office, the stamp indicated that the post office received the mail from the IRS employee. The postal clerk then placed it in a mail receptacle to be forwarded to its destination. Under standard procedures, the postal clerk would not affix the postal service stamp if the certified mail numbers on the list did not match the numbers on the envelopes. Only in cases where there was a deletion would the postal clerk then affix the stamp when the number of envelopes presented did not equal the number of names on the list. If an item on the list had been deleted, a line would have been drawn over the name. There is no deletion of the name Jerald Wheat or any other markings by his name on the certified mail list in this case. On January 25, 1990, respondent's counsel Steven M. Roth (Roth) of the Office of District Counsel, Thousand Oaks, California, received a facsimile of the subject certified mail list from Jim Clark of Sacramento District Counsel. The facsimile *296 of the list bears the date of October 27, 1986, and contains the certified mail number and petitioner's name, address, Social Security number, and tax year involved (1982). The facsimile clearly bears the full handwritten notation at the bottom of the list. Respondent attached a copy of the facsimile to his motion to dismiss. On this copy "4 pieces" is not legible. Roth testified that he attached a copy rather than the facsimile because at the time he was unfamiliar with facsimile transmission and consequently, was not comfortable filing a facsimile with this Court. Maria Edwards (Edwards) is employed as chief of the Support Services Section in the Los Angeles Office of the IRS. Her responsibilities include supervision and training of the supervisor of the Unit. Roth requested a copy of the certified mail list from Edwards in March 1990. After she made the copy, she discovered that part of the handwritten notation at the bottom of the list did not copy clearly. The portions that did not copy clearly were "4 pieces" and "rd". Edwards traced over the handwritten notation on the original with a black marker and made another copy. Edwards placed the original list back in the *297 binder and locked the copy in her desk drawer. The part of the list that Edwards traced over was "4 pieces 10/27/86 rd OE DO 95". Roth picked up the copy on March 28, 1990. Petitioner contends that the procedural steps followed by the employees who prepared the statutory notice of deficiency for certified mailing were inadequate because respondent's employees did not follow the mailing procedure established by case law and the Internal Revenue Manual. Relying primarily on Coleman v. Commissioner, 94 T.C. 82 (1990), and the Internal Revenue Manual, petitioner argues that respondent has failed to demonstrate by competent and persuasive evidence that the notice of deficiency was mailed to petitioner on October 27, 1986. Respondent bears the burden of proving proper mailing of the notice by competent and persuasive evidence. Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). This Court requires respondent to introduce evidence showing that the notice of deficiency was properly delivered to the Postal Service for mailing. Coleman v. Commissioner, supra at 90. *298 The act of mailing may be proven by evidence of respondent's mailing practices corroborated by direct testimony or documentary evidence. Id. Respondent is not required to produce employees who personally recall each of the many notices of deficiency which are mailed annually. Cataldo v. Commissioner, supra at 524. Such a requirement would place an impossible burden on respondent and this Court has not imposed such a burden on respondent. Id.
A Form 3877, reflecting postal service receipt, represents direct documentary evidence of the date and the fact of mailing. Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987). A properly completed postal service Form 3877 also reflects compliance with IRS established procedures for mailing deficiency notices. Coleman v. Commissioner, supra at 90. Exact compliance with the Form 3877 mailing procedures raises a presumption of official regularity in favor of respondent. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984). A failure to comply precisely with the Form 3877 mailing procedures may not be fatal if the evidence adduced is *299 otherwise sufficient to prove mailing. Coleman v. Commissioner, supra at 91. Where respondent relies on imprecise mailing procedures and other corroborative evidence of mailing, the presumption of official regularity does not apply, and respondent is then subject to a burden of production without the presumption. Id.
In proving the occurrence of a proper mailing in this case, respondent argues that the presumption of official regularity should apply. Under the circumstances of this case, the evidence submitted does not entitle respondent to this presumption. "This evidentiary benefit arises where the Form 3877 is properly executed and where there is strict compliance with its procedures." Coleman v. Commissioner, supra at 91-92. Respondent's failure to have the postal clerk initial the Form 3624 and indicate how many pieces of mail were received is an inexactitude which is significant enough to render the presumption inapplicable. Coleman v. Commissioner, supra at 92. However, respondent may prevail if the evidence is otherwise sufficient to enable her to meet her burden of production. Respondent *300 presented evidence of the mailing procedures followed by the Unit of the Los Angeles Office of the IRS, and the mailing procedures at the Federal Station Post Office in Los Angeles, California. Respondent also submitted a file copy of the notice of deficiency, the original certified mail list (Form 3624), and other documentary evidence. We hold that respondent has met her burden of going forward with the evidence. We find that respondent has proved by competent evidence that the notice of deficiency was mailed on October 27, 1986. All entries that were required to be made by the IRS employee preparing the list are present on the certified mail list in this case. Under standard procedures, the postal clerk would have checked to make sure that there were the same number of envelopes as there were names listed on the Form 3624 and would have checked that the certified numbers on the list matched the numbers on the green mailing labels that were attached to the envelopes before the stamp was affixed on the list. The Form 3624 at issue in this case bears the post office stamp with a date of October 27, 1986. The burden of production shifts to petitioner to show that respondent failed *301 to timely mail the notice. Coleman v. Commissioner, supra. Petitioner contends that respondent is unable to show that the Los Angeles Office complied with standard procedures. He points to evidence showing that respondent failed to follow several of the standard procedures. He argues that contrary to standard procedures, an IRS employee failed to obtain the initials and the date from the postal clerk and failed to have the postal clerk insert the number of pieces of mail received. Petitioner also argues that the handwritten notation on the bottom of the certified list was altered by Edwards, and therefore, the list is untrustworthy as evidence. Despite these imperfections in the mailing procedures in this case, we find that respondent has shown an October 27, 1986, mailing. Petitioner argues that the Internal Revenue Manual provides specific instructions concerning the information required on certified mail lists. In pertinent part, that section provides as follows: The notices to be mailed together with P.S. Form(s) will then be presented to the post office. The postal employee first compares the certified mail numbers, and names and addresses, *302 on the envelope with those on P.S. Form 3877 and counts the number of envelopes. He/she then indicates post office receipt of this mail by signing and inserting the post mark on P.S. Form 3877, and returns the forms to the Service employee. The Service employee should initial and date P.S. Form 3877 as part of the permanent record of mailing, in order that, if called as a witness, he/she could testify as to the exact date on which the letters were presented for mailing. * * * [2 Audit, Internal Revenue Manual (CCH), sec. 4462.2(6), at 7901.] Rules of agency procedure or practice do not have the force or effect of law. Ward v. Commissioner, 784 F.2d 1424, 1430-1431 (9th Cir. 1986), affg. T.C. Memo. 1984-570. The rule here merely governs internal affairs of the IRS. Failure of respondent's administrative personnel to comply precisely with internal procedures concerning mailing does not invalidate such mailing where the evidence establishes the fact of mailing. Although the Form 3624 in issue was not initialed and dated, and the number of packages received was not inserted by the postal clerk, the postal clerk stamped the form with the official *303 postal stamp, bearing the date October 27, 1986. Under standard procedures of the Federal Station Post Office at that time, the Form 3624 is not stamped unless the number of envelopes is checked against the number of taxpayer names listed on the Form 3624, and the certified mail slip numbers on the envelopes are checked against the numbers on the Form 3624. Edwards testified that she traced over the original pencil-writing because portions of the notation were not legible on the copy. Edwards' testimony that she traced over the characters on the original Form 3624 exactly as they originally were written is credible, and we believe she described the tracing events with honesty and accuracy. We have examined and compared the original Form 3624 and a facsimile of the original Form 3624, transmitted before Edwards traced over some characters, and we have found no significant difference that would indicate that the form in issue was changed in substance or that it should not be considered trustworthy. We conclude that petitioner has failed to carry his burden of persuasion. The statutory notice of deficiency was properly mailed to petitioner by certified mail on October 27, 1986. *304 The petition was not timely filed. Accordingly, An order will be entered granting respondent's motion to dismiss for lack of jurisdiction. Footnotes
1. All section references are to the Internal Revenue Code, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the underpayment attributable to negligence or intentional disregard of rules and regulations.↩