T.C. Memo. 1996-397

UNITED STATES TAX COURT

RUBEN G. HINOJOS, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5593-95.                          Filed August 26, 1996.

Ruben G. Hinojos, Jr., pro se.

<u>Shari C. Mauney</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case is before the
Court on respondent's motion to dismiss for lack of jurisdiction
under Rule 40.  The basis for the motion is that the petition was
not timely filed under section 6213(a).[1]

―――――――――――

[1]   Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax Sec. 6651(a)(1) |
|------|-----------|----------------------------------|
| 1990 | $1,123 | $100 |
| 1991 | 2,100 | 100 |
| 1992 | 2,099 | 100 |

Petitioner did not appear on the date this case was calendared for trial, at which time respondent filed the subject motion.  In the alternative, respondent orally moved to dismiss for failure to prosecute properly.  A hearing was held on respondent's motions.

At the time the petition was filed, petitioner's legal residence was Visalia, California.

The notice of deficiency (statutory notice) bears a date of December 16, 1994.  The petition was mailed on April 4, 1995, and was filed with the Court on April 12, 1995, some 117 days after the date appearing on the notice of deficiency.

To maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition.  Secs. 6212 and 6213; Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988).

Section 6213(a) provides, in pertinent part, that a petition must be filed with the Tax Court within 90 days from the date a statutory notice of deficiency is mailed to a taxpayer residing

in the United States.  This Court has no jurisdiction over the case if a petition is filed beyond the prescribed 90-day time period.  Pyo v. Commissioner, 83 T.C. 626, 632 (1984).

Respondent bears the burden of proving that the notice of deficiency was properly mailed.  August v. Commissioner, 54 T.C. 1535, 1536 (1970).  The date appearing on the notice of deficiency is not proof of the date of mailing.  Southern Calif. Loan Association v. Commissioner, 4 B.T.A. 223, 226 (1926).  This Court requires respondent to establish that the notice of deficiency was properly delivered to the Postal Service for mailing.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990).  Proof of mailing is generally established by a properly postmarked U.S. Postal Service Form 3877 and constitutes highly probative evidence that a notice of deficiency was, in fact, mailed on the date postmarked to the taxpayer listed on the form.  Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974); August v. Commissioner, supra at 1538. However, the absence of a postmarked Form 3877 is not fatal to the validity of the notice of deficiency when respondent submits other documentary evidence or testimony to prove that the notice of deficiency was timely mailed.  See Shuford v. Commissioner, T.C. Memo. 1990-422, affd. without published opinion 937 F.2d 609 (6th Cir. 1991); cf. Magazine v. Commissioner, 89 T.C. 321, 326 (1987).

In this case, the statutory notice was sent to petitioner by mail addressed to P.O. Box 2531, Sunland Park, New Mexico, 88063, which was the address shown on petitioner's 1990, 1991, and 1992 Federal income tax returns. The statutory notice was issued by the Internal Revenue Service Center at Albuquerque, New Mexico (hereinafter the Albuquerque Center or center). At the hearing on respondent's motion, respondent, to establish proof of mailing, introduced into evidence U.S. Postal Service Form 3877 (Form 3877). The Form 3877, however, while listing petitioner as one of the taxpayers to whom a statutory notice was mailed, does not contain a postmark by the U.S. Postal Service (USPS). However, respondent submitted additional evidence to establish the fact and date of mailing, consisting of an affidavit of Lorraine Sanchez, an Internal Revenue Service tax examiner at the Albuquerque Center, as to the procedures followed at that center in mailing statutory notices.

When a statutory notice is prepared and is to be sent to a taxpayer, the statutory notice is given a certified mailing number and recorded on a mailing list, Form 3877, which contains a listing of all taxpayers to whom statutory notices will be mailed on a particular day. A tax examiner then "double checks" all of the statutory notices with the names on the mailing lists to verify that all statutory notices to be mailed out are listed.

The statutory notices are thereafter generally brought to the mailroom at the center for delivery to the post office.

On days when the tax examiner is unable to deliver the statutory notices directly to the post office, the tax examiner will wait for the USPS daily mail carrier (USPS carrier) to arrive.  At that time, the USPS carrier is then given the statutory notices as well as the Form 3877.  The USPS carrier "double checks" all of the statutory notices with the names on the Form 3877 to verify that the names on the statutory notices match those on the Form 3877.  Thereafter, the USPS carrier signs and dates the Form 3877.  The Form 3877 is not stamped with a postmark by the USPS carrier because the USPS will not allow mail carriers to carry postmark rubber stamps.  This routine occurs in the normal course of business, on average, twice a week.

The Form 3877 introduced into evidence in this case indicates that a statutory notice was sent by the Albuquerque Center to petitioner at the Sunland Park, New Mexico, address for tax years 1990, 1991, and 1992.  The Form 3877 also indicates that statutory notices were sent to 12 other taxpayers.  The Form 3877 indicates that the receiving employee of the USPS postmaster, in this case the USPS carrier, received 13 pieces of mail that day that were to be sent by certified mail, return receipt.  The Form 3877 is signed by the USPS carrier and hand

dated December 16, 1994. As noted earlier, the Form 3877 does not contain a USPS postmark.

Based on the record in this case, the Court is satisfied that respondent established that the statutory notice sent to petitioner was mailed on December 16, 1994. The date of the statutory notice, December 16, 1994, corresponds with the date shown on the Form 3877. Although the Form 3877 was not stamped with a USPS postmark, the Form 3877 was completed in the manner consistent with Ms. Sanchez's attestations of the routine practice at the Albuquerque Center. We have no reason to doubt the contemporaneous record; i.e., the Form 3877 signed and dated by a USPS employee. The Form 3877 indicates that the appropriate number of statutory notices were sent by certified mail, return receipt, including one to petitioner at the Sunland Park, New Mexico, address. The lack of a stamped USPS postmark on the Form 3877 is not fatal in this case because the evidence submitted by respondent was sufficient to prove that the statutory notice was mailed on December 16, 1994. Magazine v. Commissioner, supra; Shuford v. Commissioner, supra.

The petition in this case was filed with the Court on April 4, 1995, 117 days after the date the notice of deficiency was mailed. Since the petition was not filed within 90 days from the date the notice of deficiency was mailed to petitioner, the

Court has no jurisdiction over this case.  <u>Pyo v. Commissioner</u>, <u>supra</u>.  Accordingly,

<u>An order granting</u>
<u>respondent's motion to dismiss</u>
<u>for lack of jurisdiction will</u>
<u>be entered.</u>