**In re Thomas J. O'ROURKE and Carol D. O'Rourke, Debtors.**

No. 05–21831.

United States Bankruptcy Court, W.D. New York.

July 28, 2006.

644

Thomas J. O'Rourke and Carol D. O'Rourke, Victor, NY, pro se.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On April 18, 2005, Thomas J. O'Rourke and Carol D. O'Rourke ("Carol O'Rourke") (collectively, the "Debtors"), filed a petition initiating a Chapter 7 case, which was converted to a Chapter 13 case on June 3, 2005. On April 26, 2006, the Debtors filed a Motion Objecting to Claim Number 12, filed by the United States Department of the Treasury—Internal Revenue Service (the "IRS") in the amount of $110,330.16 (the "IRS Claim").

The Motion Objecting to Claim alleged that: (1) the Debtors filed their individual 1999 income tax return on August 4, 2000 (the "Return"); (2) although the IRS alleged that it issued a Notice of Deficiency to the Debtors, as required by Section 6212 of the Internal Revenue Code by a

March 5, 2002 letter numbered 3219SC/EC (the "Deficiency Notice"), a copy of which was attached as Exhibit C to the Motion, the Debtors never received this or any other Notice of Deficiency; (3) the Statute of Limitations for the assessment of any liability for the 1999 tax year had expired pursuant to the provisions of Section 6501 of the Internal Revenue Code with no Notice of Deficiency having been issued, so the IRS Claim could not be allowed; and (4) even if the Court were to find that a Notice of Deficiency had been issued, the determination by the IRS that additional taxes were due beyond those computed on the Return was incorrect, so the IRS Claim should not be allowed.

On June 2, 2006, the IRS interposed a Response to the Motion Objecting to Claim, which alleged that: (1) Carol O'Rourke won $1,000,000.00 in the New York State Lottery on June 16, 1998; (2) on January 25, 1999, she sold her right to quarterly payments from the Lottery to Singer Asset Finance Company; (3) the Return reported the proceeds from the sale of the right to quarterly payments as capital gain rather than ordinary income; (4) the IRS assessed the Debtors an additional tax liability of $78,059.00 plus interest due to its recharacterization of the sale transaction; (5) the IRS Claim consisted of this additional tax plus interest and penalties; (6) on March 5, 2002, the IRS sent the Deficiency Notice by certified mail to the Debtors at their undisputed address, 902 Fenwick Lane, Victor, New York.[1]

The Response also included, as Exhibit D, a copy of Page 3 of a certified mail log, which the IRS asserted evidenced the certified mailing of the Deficiency Notice. This log included an item for mailing to the Debtors that had same certified mail

---

1. The Deficiency Notice attached as Exhibit E to the Response is identical to Exhibit C of the    Motion Objecting to Claim.

number assigned to it as that imprinted on the Deficiency Notice, and it bore the stamp of the United States Postal Service (the "Postal Service").

The Response further alleged that: (1) the Commissioner's only burden of proof for the IRS was to establish that a Notice of Deficiency was mailed by certified mail to the taxpayer; (2) because of the resulting presumptions of official regularity and delivery, the assertion by the Debtors that they did not receive the Deficiency Notice is irrelevant unless they provide further evidence to the contrary; and (3) the Debtors had failed to rebut the presumptions of official regularity and delivery.

At the July 7, 2006 return date of the Motion Objecting to Claim, the Court indicated that it preliminarily agreed with the position of the IRS, since it appeared from the Response that: (1) the Deficiency Notice was mailed by certified mail to the Debtors on March 5, 2002; and (2) even though the Deficiency Notice produced by the IRS was not complete, the portion produced set forth all of the information required for the Debtors to know that: (a) it was a Notice of Deficiency; (b) the additional amount claimed as due for their 1999 taxes at that time was $79,286.00; and (c) they had until June 3, 2002 to petition to the tax court.

Notwithstanding the assertion of counsel for the Debtors that they were entitled to a hearing, the Court believed that the Debtors had not provided sufficient evidence to overcome the presumptions of official regularity and delivery so as to warrant an evidentiary hearing. Nevertheless, the Court agreed to reserve on the Motion and afford the parties an opportunity to make post-oral argument submissions, which the IRS elected not to make.

As a post-oral argument submission, the Debtors filed the Affidavit of Steven Kwartin, Esq. ("Kwartin"), along with a Memorandum of Law. The Affidavit (the "Kwartin Affidavit") asserted that: (1) Kwartin, a former trial attorney for the Office of the Chief Counsel of the Internal Revenue Service in Miami, Florida and for the Tax Division of the Department of Justice in Washington, D.C., was retained to represent the Debtors in late December 2002 after collection proceedings were initiated by the IRS; (2) at that time he was advised by the Debtors' certified public accountant and the Debtors that they had never received a Notice of Deficiency, but they had received a January 17, 2002 30–day letter which had been protested; (3) in telephone calls to three separate employees of the IRS, on March 10, 2003 he was advised that the IRS computer records, which they each had access to, did not indicate that a Notice of Deficiency had been issued to the Debtors in connection with their 1999 taxes; (4) since it did not appear that a Notice of Deficiency had been issued, he challenged the collection process on behalf of the Debtors; (5) in October 2002, as part of the Debtors' challenge to the collection process, he received a Transcript of Account for the Debtors for the taxable year 1999, which did not indicate that any Notice of Deficiency had been issued, which he asserted should have appeared in the Transcript in accordance with IRS procedures; (6) it was not until August 2004 that he received a copy of the Deficiency Notice and the uncertified and incomplete certified mail log, Form 3877; (7) when he and the Debtors requested additional information about the alleged mailing of the Deficiency Notice from the Postal Service, they were informed that the Postal Service only maintains those records and related information for a period of two years from the mailing, so that there is no additional information available from the Postal Service to confirm the mailing, delivery or attempted delivery of

the Deficiency Notice; (8) IRS Agent Michalski admitted to him that the IRS is unable to locate any other copy of the Deficiency Notice, other than the partial, torn, unsigned and crossed-out copy attached as Exhibit C to the Motion Objecting to Claim; and (9) the Deficiency Notice produced by the IRS in this case is not signed by a designated IRS employee, authorized to sign deficiency notices on behalf of the Commissioner of the Internal Revenue Service, as required.

## DISCUSSION

### I. Is the IRS Claim Barred by the Statute of Limitations for Failure to Properly Issue a Notice of Deficiency?

■ Notwithstanding the assertions by the Debtors and their counsel that the facts and circumstances they have presented can only result in the Court determining that the Deficiency Notice was not mailed to them by certified mail on March 5, 2002, this Court concludes that the Deficiency Notice was properly issued and mailed by certified mail for the following reasons: (1) although not signed and not a complete copy of the first page of the Notice, the Deficiency Notice sets forth all of the critical information necessary to inform the Debtors that the IRS challenged their Return and at that time determined that an unpaid deficiency of $79,286.00 was due in connection with the Return and the Debtors' 1999 taxes, and it further set forth June 3, 2002 as the last date for the taxpayers to petition; (2) the Deficiency Notice has imprinted on it the certified mail number 7107 3514 6975 3707 1803, the same number that appears on the certified mail log, which indicates that the Deficiency Notice was prepared and in existence when the certified mail log was created; (3) the certified mail log: (a) bears the signature of the individual who issued the Deficiency Notice; (b) sets forth the same certified mail number as is imprinted on the Deficiency Notice; (c) sets forth the correct address of the Debtors; and (d) was stamped by the Postal Service on March 5, 2002; (4) this Court can only conclude that for the certified mail log to be stamped by the Postal Service, someone at the Postal Service verified that it received a certified mail item numbered 7107 3514 6975 3707 1803, and once that item was received by the Postal Service, there is no doubt that it was in fact mailed; (5) from the foregoing, the IRS is entitled to the presumptions of official regularity and delivery, See 26 U.S.C. § 6212(b)(1); Hoffenberg v. C.I.R., 905 F.2d 665, 666 (2nd Cir.1990) (stating "A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered"). See also Tadros v. C.I.R., 763 F.2d 89 (2nd Cir.1985); (6) Kwartin has confirmed that there is no other information available to the Court from the Postal Service with respect to the mailing, delivery or attempted delivery of the Deficiency Notice; (7) although the facts and circumstances presented by Kwartin may indicate that the IRS was not as efficient as it could have been with respect to its records relating to its actions in connection with the Return, it is undisputed that: (a) the Deficiency Notice produced contains all of the significant information the Debtors were entitled to with respect to the IRS recharacterization of the treatment of the sale of Carol O'Rourke's right to payment from the New York State Lottery; (b) the Deficiency Notice bore the certified mail number that was identical to the certified mail number set forth on the certified mail log; and (c) the Postal Service stamped the mail log indicating its receipt of that item; and (8) neither the Debtors' assertion by their various counsel that they never received the Deficiency Notice nor the facts and circumstances presented by

the Kwartin Affidavit constitute sufficient evidence to either warrant a hearing or to shift the burden to the IRS, which enjoys the presumptions of official regularity and delivery based upon the documents it has presented.

## II. The Tax Treatment of the Proceeds of the Sale of a Right to Periodic Payments from Lottery Winnings

▮ To the extent that this Court has the ability to determine whether the sale of the right to periodic payments from lottery winnings is ordinary income or capital gain income, given the Debtors' failure to appeal the Deficiency Notice to the Tax Court, this Court is persuaded by the numerous Circuit Courts that have determined that such a sale transaction results in an ordinary income rather than capital gain income treatment. *See e.g. Watkins v. C.I.R.,* 447 F.3d 1269 (10th Cir.2006), *United States v. Maginnis,* 356 F.3d 1179 (9th Cir.2004) and *Lattera v. C.I.R.,* 437 F.3d 399 (3rd Cir.2006). This Court is also satisfied that the Second Circuit's case of *McAllister v. Commissioner,* 157 F.2d 235 (2nd Cir.1946) is not applicable here as it was decided prior to the Supreme Court decision in *C.I.R. v. P.G. Lake, Inc.,* 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743 (1958).

### CONCLUSION

The Motion Objecting to Claim is in all respects denied, and the IRS Claim is allowed.

**IT IS SO ORDERED.**