08-6259-bk
In Re: Thomas J. O'Rourke

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: September 1, 2009                    Decided: November 23, 2009)

Docket No. 08-6259-bk

THOMAS J. O'ROURKE and CAROL D. O'ROURKE,

*Debtors-Appellants*,

v.

UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE,

*Creditor-Appellee.**

Before: CALABRESI, CABRANES, and HALL, *Circuit Judges*.

Debtors-appellants Thomas J. O'Rourke and Carol D. O'Rourke appeal from a final judgment

of the United States District Court for the Western District of New York (David G. Larimer, *Judge*)

entered October 29, 2008, affirming the July 28, 2006 order of the Bankruptcy Court for the Western

District of New York (John C. Ninfo, II, *Chief Judge*), which denied debtors' motion objecting to a claim

filed by creditor-appellee United States Internal Revenue Service.  On appeal, debtors argue: (1) that the

Bankruptcy Court erred in determining that the IRS met its burden of proving that a notice of

deficiency was mailed to them; (2) that the IRS is equitably estopped from relying on a certified mail

log; and (3) that the certified mail log is inadmissible hearsay.  We hold that the Bankruptcy Court's

finding that a notice of deficiency was mailed to debtors, based on a certified mail log stamped by the

---

* The Clerk of Court is directed to amend the official caption as indicated.

1

Postal Service and a partial copy of the notice, was not clearly erroneous. We also hold that debtors have identified no affirmative misconduct on the part of the IRS warranting an estoppel and that their argument that the certified mail log is inadmissible was waived. Accordingly, we affirm the judgment of the District Court.

Affirmed.

STEVEN M. KWARTIN, Hollywood, FL, *for Thomas J. O'Rourke and Carol D. O'Rourke.*

REGINA S. MORIARTY (John A. DiCicco, Acting Assistant Attorney General, and Bruce R. Ellisen, *on the brief*), Tax Division, Department of Justice, Washington, D.C. (Kathleen M. Mehltretter, United States Attorney for the Western District of New York, *of counsel*), *for United States of America, Internal Revenue Service.*

PER CURIAM:

Debtors-appellants Thomas J. O'Rourke and Carol D. O'Rourke ("debtors") appeal from a final judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*) entered October 29, 2008, affirming the July 28, 2006 order of the Bankruptcy Court for the Western District of New York (John C. Ninfo, II, *Chief Judge*),[1] which denied debtors' motion objecting to a claim filed by creditor-appellee United States Internal Revenue Service ("IRS" or "the government"). Debtors' objection concerned a claim by the IRS in the amount of $110,330.16 resulting from the misclassification of income on debtors' 1999 income tax return. According to debtors, they never received a "notice of deficiency" as required by 26 U.S.C. § 6212. On appeal, debtors primarily argue (1) that the Bankruptcy Court erred in determining that the IRS met its burden of proving that a notice of deficiency was mailed to them; (2) that the IRS is equitably estopped from relying on a certified mail log to prove such mailing because the IRS failed to produce that document to

---

[1] The Honorable John C. Ninfo, II, served as Chief Judge from January 1, 2000 to December 31, 2006.

debtors for more than one year; and (3) that the certified mail log is inadmissible hearsay.

We hold that the Bankruptcy Court's finding that a notice of deficiency was mailed to debtors, based on a certified mail log stamped by the Postal Service and a partial copy of the notice, was not clearly erroneous. We also hold that debtors have identified no affirmative misconduct on the part of the IRS warranting an estoppel and that their argument that the certified mail log is inadmissible was waived. Accordingly, we affirm the judgment of the District Court.

## BACKGROUND

The IRS's claim against debtors arose from Carol O'Rourke winning $1 million in the New York State lottery in 1998 and her subsequent sale of her quarterly payments to a finance company for $454,500 the following year. Debtors claimed the income from that sale as a capital gain on their 1999 joint income tax return.

In August 2001, debtors were notified that their 1999 tax return was being audited. During the course of the audit, the IRS determined that the $454,500 was improperly characterized as a capital gain rather than ordinary income, and on January 17, 2002, it sent debtors a "30-day letter" asserting an unpaid tax liability of $92,714.58. Debtors responded, through their accountant, that they disagreed with the proposed changes. The IRS asserts that, on March 5, 2002, it mailed a notice of deficiency to debtors asserting an income tax deficiency of $79,286. Debtors maintain that they never received that notice and dispute that it was ever sent. On December 9, 2002, the IRS assessed debtors with an additional tax liability of $78,059, plus interest. Debtors filed for bankruptcy on April 18, 2005, and on October 24, 2005, the IRS filed a proof of claim for $110,330.16.

To prove that a valid notice of deficiency was mailed, the IRS produced before the Bankruptcy Court a torn, partial copy of the notice and a certified mail log (Postal Form 3877). The Bankruptcy Court found that the certified mail log "(a) bears the signature of the individual who issued the

Deficiency Notice; (b) sets forth the same certified mail number as is imprinted on the Deficiency Notice; (c) sets forth the correct address of the Debtors; and (d) was stamped by the Postal Service on March 5, 2002" and therefore concluded that "for the certified mail log to be stamped by the Postal Service, someone at the Postal Service verified that it received a certified mail item numbered 7107 3514 6975 3707 1803, and once that item was received by the Postal Service, there is no doubt that it was in fact mailed." *In re O'Rourke*, 346 B.R. 643, 646 (Bankr. W.D.N.Y. 2006).

With respect to the contents of the notice, the Bankruptcy Court observed that "although not signed and not a complete copy of the first page of the Notice, the Deficiency Notice sets forth all of the critical information necessary to inform the Debtors that the IRS challenged their Return" and that "the Deficiency Notice has imprinted on it the certified mail number 7107 3514 6975 3707 1803, the same number that appears on the certified mail log, which indicates that the Deficiency Notice was prepared and in existence when the certified mail log was created." *Id.*

### DISCUSSION

We note that "[i]n an appeal from a district court's review of a bankruptcy court's decision, we conduct an independent examination of the bankruptcy court's decision." *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007). We review the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Id.* Findings of fact are not clearly erroneous "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985).

We are satisfied that the Bankruptcy Court's finding that the IRS mailed a notice of deficiency to debtors was not clearly erroneous. Other courts, whose analysis we adopt today, have conducted a two-part inquiry when a taxpayer claims that a notice of deficiency was not sent. First, when the IRS (a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877

4

certified mail log (or equivalent), it is entitled to a presumption of mailing, such that the burden of going forward shifts back to the taxpayer. At that point, if the taxpayer fails to meet this burden, then the IRS has successfully shown mailing. *See Coleman v. Comm'r*, 94 T.C. 82, 91-92 (1990); *see also United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *United States v. Ahrens*, 530 F.2d 781, 784-86 (8th Cir. 1976). Second, if the IRS is unable to make that showing, then it has the burden of proving timely mailing with evidence that is "otherwise sufficient." *Coleman*, 94 T.C. at 91; *accord Keado v. United States*, 853 F.2d 1209, 1214 (5th Cir. 1988).

In this case, the IRS has shown the existence of a proper notice of deficiency with a certified mail number that appears on the Form 3877. "Although the Code does not prescribe the appropriate content of a notice of deficiency, at a minimum it must identify the taxpayer, indicate that the Commissioner has made a determination of deficiency, and specify the taxable year and amount of the deficiency." *Andrew Crispo Gallery, Inc. v. Comm'r*, 16 F.3d 1336, 1340 (2d Cir. 1994). The copy of the notice produced by the IRS in this case does all those things, even though half of the first page and the entire second page are missing.[2] Neither of debtors' attacks on its validity is meritorious. They assert that the absence of the signature page renders the notice invalid, but we have held that "[t]he statute does not require that [a notice of deficiency] be signed." *Comm'r v. Oswego Falls Corp.*, 71 F.2d 673, 677 (2d Cir. 1934). Their other argument, that the deficiency stated in the notice was about $1200 more than the amount later assessed, also fails. "[T]he notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good

---

[2] Since *Andrew Crispo*, the statute has been amended to add two new requirements. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, §§ 1102(b), 3463(a), 112 Stat. 685, 703, 767 (1998). The notice "shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office," 26 U.S.C. § 6212(a), and it must also include "the date determined by [the] Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court." *Id.* § 6212 note. Debtors do not raise arguments based on these new requirements, so we deem any such arguments waived. In any event, the partial notice produced by the government did include the last date on which debtors could petition the Tax Court.

5

enough. . . . [M]istakes in the notice which do not frustrate its purpose, are negligible." *Olson v. Helvering*, 88 F.2d 650, 651 (2d Cir. 1937).[3]

But the IRS produced a Form 3877 that bore two defects. It did not state the number of pieces of mail received by the Post Office, and it lacked the signature or initials of a Postal Service employee. We agree with memorandum decisions of the Tax Court to the effect that defects of this sort render a Form 3877 improperly completed. *See, e.g.*, *Wheat v. Comm'r*, 63 T.C.M. (CCH) 2955 (1992). The IRS is, therefore, not entitled to the presumption of mailing.[4]

We nevertheless think that the Bankruptcy Court did not clearly err in finding that the IRS's evidence was sufficient to meet its burden of showing mailing in the absence of the presumption. The defects in the Form 3877 were minor, and it bore a Postal Service date stamp suggesting that the items listed therein were mailed on March 5, 2002. When the IRS produces a proper notice of deficiency and a Form 3877 with only the two defects present in this case, the government has, we hold, met its burden with "otherwise sufficient" evidence. *See Coleman*, 94 T.C. at 91. We note, however, that especially when a Form 3877 contains defects that are serious on their face or whose significance has not yet been litigated, the IRS would be well advised to submit additional evidence of mailing.[5]

The government having satisfied its burden, the burden shifted back to debtors. Although

---

[3] This case is, therefore, quite unlike *Pietanza v. Comm'r*, 92 T.C. 729, 742 (1989), where the IRS failed to establish that a valid final notice of deficiency was ever prepared.

[4] Unlike debtors, we do not read the Bankruptcy Court's opinion as relying on the presumption of mailing. Rather, upon finding that the notice was placed in the care of the Postal Service, the court simply stated that its *delivery* could thereafter be presumed. *See In re O'Rourke*, 346 B.R. at 646. Any presumption with respect to *delivery* is irrelevant, however, because proof of *mailing* is all that is required. *Hoffenberg v. Comm'r*, 905 F.2d 665, 667 (2d Cir. 1990).

[5] The IRS did not provide any additional evidence in this case. In other cases, additional government evidence of mailing—in the form of habit testimony and supporting documents such as properly completed contiguous Forms 3877 or certified mail receipts—has made the courts' job much easier. *See Keado*, 853 F.2d at 1213-14 (ruling for the government even though Form 3877 failed to state years for which notices of deficiency were sent); *Coleman*, 94 T.C. at 92 (ruling for the government even though Form 3877 was missing the Postal Service stamp, the signature of a Postal employee, and the signature of the issuing IRS employee); *Hinojos v. Comm'r*, 72 T.C.M. (CCH) 497 (1996) (ruling for the government despite an unpostmarked Form 3877).

debtors assert that other IRS records contain no indication that a notice was mailed, the Bankruptcy Court did not clearly err in finding, based on the notice of deficiency and the Form 3877, that the notice was in fact mailed. *See Anderson*, 470 U.S. at 574 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."). Debtors' reliance on *Wiley v. United States*, 20 F.3d 222, 226-29 (6th Cir. 1994), in which similar contentions about IRS records were raised, is misplaced, for *Wiley* addressed a district court's grant of summary judgment, not a bankruptcy court's finding of fact.

Debtors' argument that the IRS is equitably estopped from relying on the certified mail log also fails. At most, the IRS acted negligently in maintaining its records and responding to debtors' inquiries, but no "affirmative misconduct" can be inferred from the evidence in the record. *See Rojas-Reyes v. Immigration & Naturalization Serv.*, 235 F.3d 115, 126 (2d Cir. 2000) ("[E]stoppel will only be applied [against the government] upon a showing of affirmative misconduct by the government." (internal quotation marks omitted)).

Finally, debtors' argument that the certified mail list is inadmissible hearsay was not adequately raised in their opening brief and, accordingly, we deem that argument waived. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). Although debtors noted in their opening brief that the certified mail log is, in fact, "uncertified" and therefore entitled to little *weight*, they failed to argue that it is hearsay or otherwise inadmissible.

**CONCLUSION**

For the foregoing reasons, we conclude that the Bankruptcy Court's finding that a notice of deficiency was mailed to debtors was not clearly erroneous and that the IRS was not equitably estopped

7

from relying on a certified mail log to prove such mailing. We have considered debtors' remaining arguments and find them to be waived or without merit.

The judgment of the District Court is **AFFIRMED**.