09-4019-ag
Butti v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT: JON O. NEWMAN,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

-------------------------------------------------------------

THOMAS BUTTI,
*Petitioner-Appellant*,

v.                                              No. 09-4019-ag

COMMISSIONER OF INTERNAL REVENUE,
*Respondent-Appellee.*

-------------------------------------------------------------

APPEARING FOR APPELLANT:     THOMAS BUTTI, *pro se*, Brooklyn, New York.

SUBMITTING FOR APPELLEE:     John A. DiCicco, Acting Assistant Attorney General, Bruce R. Ellisen, Kenneth W. Rosenberg, Attorneys, Tax Division, United States Department of Justice, Washington, D.C.

Appeal from a judgment of the United States Tax Court (Juan F. Vasquez, *Tax Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the September 3, 2009 judgment of the tax court is AFFIRMED.

Pro se petitioner Thomas Butti appeals from an order affirming a tax collection determination by the Internal Revenue Service ("IRS"). We review the tax court's conclusions of law de novo, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. See Sunik v. Comm'r, 321 F.3d 335, 337 (2d Cir. 2003); Madison Recycling Assocs. v. Comm'r, 295 F.3d 280, 285 (2d Cir. 2002); see also 26 U.S.C. § 7482(a)(1) (instructing that Courts of Appeals "review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury"). In applying these standards, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Butti asserts error in the tax court's conclusion that the IRS sent, and that Butti received, a notice of deficiency for tax years 1991, 1992, and 1993, thereby precluding Butti's subsequent challenge to the alleged tax liabilities. We are not persuaded. The tax court based its conclusion on, inter alia, the following evidence produced by the IRS: (1) a file copy of the notice of deficiency dated December 30, 1998; (2) credible testimony that an original copy was prepared and mailed; (3) a Postal Form 3877 listing a certified mail number, the notice mailing date, and Butti's address at the Gowanda Correctional Facility;

2

(4) Gowanda mail records reflecting the facility's receipt on January 4, 1999, of mail addressed to Butti and bearing the relevant certified mail number; and (5) a mail log indicating that Butti picked up two pieces of mail from the IRS on January 21, 1999. On this record, we detect no error, let alone clear error, in the tax court's findings that the IRS mailed Butti a notice of deficiency on December 30, 1998, and that Butti received it on January 21, 1999. See Wright v. Comm'r, 571 F.3d 215, 219 (2d Cir. 2009); see also O'Rourke v. United States, 587 F.3d 537, 540-41 (2d Cir. 2009) (observing that IRS is presumed to have mailed notice if it can demonstrate that notice existed and produce properly completed Postal Form 3877 certified mail log or its equivalent); cf. Pietanza v. Comm'r, 92 T.C. 729, 737, 742 (1989) (holding sample notice and uncertified copy of Form 3877 insufficient on their own to demonstrate mailing of notice), aff'd, 935 F.2d 1282 (3d Cir. 1991). Further, we reject as without merit Butti's suggestion that the notice was invalid because it was unsigned. See O'Rourke v. United States, 587 F.3d at 541 (observing that absence of signature does not render notice invalid).

Because Butti received the requisite notice of deficiency, we detect no error in the tax court's conclusion that he was barred from challenging the asserted tax liabilities by his failure to petition the tax court within the applicable 90-day period. See 26 U.S.C. §§ 6213(a) (imposing 90-day deadline); 6330(c)(2)(B) (instructing that challenges to underlying tax liability may be raised at hearing only "if the [petitioner] did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability"). The record similarly supports the tax court's conclusion that

3

Butti did not offer any collection alternatives during his collection hearing and that, accordingly, the IRS did not abuse its discretion in proceeding with collection of Butti's income tax liabilities for 1991, 1992, and 1993.

We have considered all of Butti's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the tax court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court