10-4456-cv
Dunn v. Albany Medical College

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> PETER W. HALL,
> *Circuit Judges.*

_____

Robert Dunn, Jr.,

> *Plaintiff-Appellant*,

> v.                                                              No. 10-4456-cv

Albany Medical College,

> *Defendant-Appellee*.

_____


FOR PLAINTIFF-APPELLANT:          Robert Dunn, Jr., *pro se*, Chicago, IL.

FOR DEFENDANT-APPELLEE:          Nicholas John D'Ambrosio, Jr., Bond, Schoeneck
                                                          & King, PLLC, Albany, NY.


_____

Appeal from an order of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Robert Dunn, Jr., proceeding *pro se*, appeals the district court's order denying his Fed. R. Civ. P. 60(b) motion to vacate the court's judgment dismissing his employment discrimination action.

Because Dunn filed a notice of appeal solely as to the district court's denial of his Rule 60(b) motion, his appeal "brings up for review only the denial of the motion and not the merits of the underlying judgment." *Malik v. McGinnis*, 293 F.3d 559, 561 (2d Cir. 2002) (internal quotation marks omitted). We review the denial of a Rule 60(b) motion for abuse of discretion. *See Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

The underlying action was dismissed by the district court following Dunn's failure to timely respond to Defendant's interrogatories and to file an amended complaint, which he had been directed to do in a prior decision. Nearly two months after the dismissal, Dunn moved under Rule 60(b) to vacate it, arguing excusable neglect because he allegedly had not received a copy of the court's prior decision or its judgment of dismissal. The district court denied the motion, finding that Dunn's mere denial of receipt of the two documents was insufficient to overcome the presumption of delivery. This was not an abuse of discretion.

2

Dunn's principal argument on appeal is that absent affirmative proof of delivery, it was error for the district court to presume that he received the two documents in question. Our precedent makes clear, however, that where the record shows that a properly addressed piece of mail was placed in the care of the Postal Service, that piece of mail "is presumed to have been delivered." *Hoffenberg v. Comm'r*, 905 F.2d 665, 666 (2d Cir. 1990); *accord O'Rourke v. United States*, 587 F.3d 537, 541 n.4 (2d Cir. 2009). Here, a review of the docket sheet indicates that copies of both the June 2010 decision and the July 2010 judgment were placed in the mail by the clerk of the district court, and there is no dispute that Dunn's mailing address was correct. Delivery is thus presumed. Dunn's only challenge to this presumption is his continued denial that the documents were received, but he fails to identify any evidence that might indicate why this is the case. We have long held, however, that "[d]enial of receipt, without more, is insufficient to rebut the presumption." *Akey v. Clinton Cnty.*, 375 F.3d 231, 235 (2d Cir. 2004); *accord Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 92 (2d Cir. 2010). Thus, his challenge is unavailing.

We have considered all of Dunn's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3