# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 4, 2019

Lyle W. Cayce
Clerk

CARLOS ALAMO,

> Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

> Respondent - Appellee

Appeal from the Decision of the
United States Tax Court
TC No. 24174-13L

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

The Internal Revenue Service filed a federal tax lien against Carlos Alamo for a deficiency in his 2009 taxes. Alamo challenges the lien, contending that the IRS never sent him a notice of deficiency. IRS Appeals sustained the lien, the Tax Court concluded that IRS Appeals did not abuse its discretion, and Alamo now petitions for our review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60221

We review the Tax Court's findings of fact for clear error and its legal determinations de novo.[1] "When reviewing the result of a [collection due process] hearing in which the underlying tax liability is not properly at issue, the court must determine whether IRS Appeals abused its discretion"—that is, whether it acted "arbitrarily, capriciously, or without sound basis in fact or law."[2] The Tax Court concluded that the IRS sent Alamo a valid notice of deficiency for the 2009 tax year and that IRS Appeals did not abuse its discretion in sustaining the filing of the tax lien.

We agree. Alamo argues that there was insufficient evidence to support the conclusion that the IRS mailed him the deficiency notice. To the contrary, the Tax Court did not err in holding that IRS Appeals did not abuse its discretion by finding sufficient evidence in the combination of (1) the electronic copy of the deficiency notice, addressed to Alamo's residence and dated October 3, 2011, and (2) the Form 3877 reflecting that a document with an essentially identical tracking number was mailed to Alamo at his residence on October 3, 2011.[3] While Alamo raises other concerns with the Tax Court's decision, they are similarly insufficient to show that the Tax Court reversibly erred.

The judgment of the Tax Court is affirmed.

---

[1] *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 197 (5th Cir. 2018).

[2] *Id.*

[3] *See, e.g.*, *Cropper v. Comm'r of Internal Revenue*, 826 F.3d 1280, 1285–86 (10th Cir. 2016) (observing that a combination of proof of the existence of a deficiency notice and an incomplete Form 3877 with relevant mailing information may be sufficient to meet the Commissioner's burden); *O'Rourke v. United States*, 587 F.3d 537, 541–42 (2d Cir. 2009) (same). We agree with the Tax Court that the slight differences at the beginning and end of the tracking numbers does not undercut the conclusion that "the document that was mailed on October 3, 2011, as evidenced by the Form 3877, was indeed the notice of deficiency."